```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| VINCENT MICHAEL LEWIS, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-07-241 |
| | § | |
| CAPTAIN GREEN, et al., | § | |
| | § | |
|     Defendants. | § | |

## ORDER OF TRANSFER

On May 29, 2007, Plaintiff Vincent Michael Lewis brought a civil rights action under 42 U.S.C. § 1983 (D.E. 1). Plaintiff is currently incarcerated at the Montgomery County Jail in Conroe, Texas. (Id.).

## I.  Background

Plaintiff claims that his civil rights were violated due to various conditions at the Montgomery County Jail. Specifically, Plaintiff cites overcrowding, unsanitary conditions regarding food trays, lack of medical and psychiatric care, stagnant water in the facility, and preferential treatment given to inmates of a particular race. (Id., pp. 4-6). Plaintiff has sued the Montgomery County Sheriff's Department, along with individual defendants Captain Green, Officer Donaldson, Lieutenant Rays, Lieutenant Wolf, Corporal Sample, and Tommy Gage. Per Plaintiff's complaint, the named individual defendants are associated with the Montgomery County Jail and/or the Montgomery County Sheriff's

Department. Despite the connection of all of Plaintiff's claims to Montgomery County, Texas (located in the Houston Division of the United States District Court for the Southern District of Texas), Plaintiff has brought his case in this Court, in the Corpus Christi Division of the Southern District of Texas.

## II.  Transfer Pursuant to 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Accordingly, even though venue of the instant case may be proper in this Court, the Court may transfer the case to another federal forum where venue is proper, if such a transfer is for the convenience of parties and witnesses and in the interests of justice. Id.  "The decision to transfer is committed to the sound discretion of the district court and is made for the purpose of preventing waste of time, energy and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Stabler v. New York Times Co., 569 F. Supp. 1131, 1137 (S.D. Tex. 1983).[1]

---

[1] Of note, even though there has been no motion to transfer in this case, a district court may sua sponte transfer a case pursuant to 28 U.S.C. § 1404(a). See Horton v. Cockrell, 1995 WL 725375, *4 (5th Cir. 1995) ("A district court may sua sponte transfer a case to any other district where the suit might have been brought for the convenience of the parties and in the interests of justice."); Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989) (Such transfers [pursuant to 28 U.S.C. § 1404(a)] may be made sua sponte.").

**A.   This Case Could Have Been Brought in the Houston Division of the Southern District of Texas**

The threshold question under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the district/division to which transfer is sought.  In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003); see also In re Volkswagen AG, 371 F.3d 201, 202 (5th Cir. 2004) ("the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

The general venue provision in 28 U.S.C. § 1391(b) states as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1391(b)(2).  In his civil rights complaint, Plaintiff complains of the conditions he was subjected to at the Montgomery County Jail, which is located in

the Houston Division of the Southern District of Texas. (D.E. 1, pp. 4-6). Venue would therefore be proper in that division, since it is the location where the "events or omissions giving rise to the claim" took place. 28 U.S.C. § 1391(b)(2).

### B. **Transfer is Proper for the Convenience of Parties and Witnesses and in the Interests of Justice**

As noted above, Plaintiff complains of various conditions he was subjected to while incarcerated at the Montgomery County Jail. (D.E. 1, pp. 4-6). In his complaint, Plaintiff has sued the Montgomery County Sheriff's Department and various individuals associated with the Sheriff's Department and/or the Montgomery County Jail. Available witnesses, documentation, and other evidence would therefore all be centered in Montgomery County, Texas, in proximity to the jail where the alleged events took place. Further, all parties also appear to be located in the vicinity of the Montgomery County Jail, in the Houston Division of the Southern District of Texas. Accordingly, a trial in this case would be significantly more convenient in the Houston Division of the Southern District of Texas, in close proximity to the parties, witnesses, and other evidence pertinent to Plaintiff's civil rights claims.

In sum, all factors in this case point to the Houston Division of the Southern District of Texas as the proper venue for this lawsuit. Therefore, in the interests of justice and for the

convenience of the parties and witnesses, this case should be transferred to the Houston Division pursuant to 28 U.S.C. § 1404(a).

### III. Conclusion

For the reasons set forth above, the Court hereby ORDERS the Clerk to TRANSFER this action to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a).

SIGNED and ENTERED this 11th day of June, 2007.

_____
Janis Graham Jack
United States District Judge